*519 OPINION OF THE COURT
Hancock, Jr., J.
Plaintiff placed a telephone order with defendant concerning a foreign currency futures transaction involving the exchange of Italian lira for United States dollars. Defendant Bankers Trust Company sent a confirmation slip to plaintiff indicating that the requested transaction was a sale of lira by plaintiff to defendant. Plaintiff signed and returned the confirmation. The decisive question presented on defendant’s appeal is whether, under UCC 2-202, there has been a sufficient showing that the confirmation slip was intended to be the final expression of the parties’ agreement as to the terms stated therein so as to preclude plaintiff from producing parol evidence that the transaction was for the purchase and not the sale of lira. We hold that where, as here, the form and content of the confirmation slip indicate clearly that it was intended to be the final expression of the parties’ agreement as to the stated terms and there is no evidence in the record to suggest otherwise, UCC 2-202 bars parol evidence to contradict those terms. Because we conclude that plaintiff’s parol evidence is inadmissible, there is no triable issue of fact. Accordingly, there should be a reversal of the order denying defendant’s motion to dismiss the complaint and for summary judgment on its counterclaim; the motion should be granted; and the certified question answered in the negative.[1]
I
Plaintiff, a shoe importer, uses various foreign currencies, including Italian lira, in its business. On March 13, 1985, plaintiff telephoned defendant and entered into several foreign *520 currency transactions, one of which was a futures transaction involving lira. Defendant sent plaintiff a confirmation slip dated March 13, 1985 including, among others, the following terms: "we [Bankers] have bought from you [Intershoe] itl 537,750,000” and "we have sold to you usd 250,000.00”. The confirmation slip specified a rate of 2,151 lira per dollar and called for delivery of the lira approximately IVi months later, between October 1 and October 31, 1985. Plaintiffs treasurer signed the slip and returned it to defendant on March 18, 1985.
By letter dated October 11, 1985, defendant notified plaintiff that it was awaiting instructions as to plaintiffs delivery of the lira. Plaintiff responded in a letter dated October 25, 1985 that the transaction was a mistake and that it would not go through with it. To cover commitments in other currency transactions, defendant was forced to purchase lira on the open market at a price higher than that on March 13, 1985, resulting in a loss of $55,019.85. On December 19, 1985, plaintiff commenced this action, claiming that it had purchased, not sold, lira and that it had sustained damages of $59,336.40. Defendant counterclaimed for its damages resulting from plaintiffs refusal to sell the lira as agreed.
Defendant moved to dismiss the complaint and for summary judgment on its counterclaim. In its responding papers, plaintiff, in support of its claim that it had purchased, not sold, lira, offered only the affidavit of its treasurer, stating in part: "I unequivocally know that it is simply not the case that [plaintiff] agreed to sell Italian lira. While I cannot recall each conversation I had with [defendant] in 1985 concerning lira transactions, I know I never placed an order to sell lira at any time that year” (emphasis added). The treasurer also indicated that plaintiff had sold foreign currency to defendant in only one of nearly 1,000 currency transactions the parties had entered into over the course of their relationship, and that on the same day that he signed the confirmation slip for the transaction in question he signed two other confirmation slips for transactions in which plaintiff had purchased foreign currency.
Supreme Court denied defendant’s motion, holding that triable issues of fact existed concerning the nature of the currency transaction the parties agreed to. A divided Appellate Division affirmed. The majority held that it is not clear from the record whether the confirmation slip signed by *521 plaintiff was intended to be the final expression of the parties’ agreement and that, therefore, UCC 2-202 does not bar parol evidence that plaintiff had placed an order to purchase rather than sell lira. The dissenters asserted that UCC 2-202 precluded the treasurer’s parol testimony because the confirmation slip was intended to be the final expression of the parties’ agreement as to the terms set forth.
II
We turn to defendant’s argument that UCC 2-202 bars the parol evidence submitted in opposition to its motion. Section 2-202 provides:
"Terms with respect to which the confirmatory memoranda of the parties agree or which are otherwise set forth in a writing intended by the parties as a final expression of their agreement with respect to such terms as are included therein may not be contradicted by evidence of any prior agreement or of a contemporaneous oral agreement but may be explained or supplemented "(a) by course of dealing or usage of trade (Section 1-205) or by course of performance (Section 2-208); and
"(b) by evidence of consistent additional terms unless the court finds the writing to have been intended also as a complete and exclusive statement of the terms of the agreement.”
There seems to be no question that the UCC applies to foreign currency transactions (see, UCC 2-105 Official Comment 1, McKinney’s Cons Laws of NY, Book Q2Vz, UCC 2-105, at 96; Buerger & O’Connor, Practice Commentary, op. cit., at 94). Plaintiff does not dispute this point. Instead, plaintiff simply asserts that UCC 2-202 has no application because defendant has not made a sufficient showing that the confirmation slip was "intended by the parties as a final expression of their agreement with respect to such terms as are included therein”.[2] Something more is required, plaintiff says, either language in the confirmation slip indicating that it was intended *522 to be the final expression of the parties’ agreement or uncontroverted evidence that the writing was so intended. Otherwise, according to plaintiff, there are factual issues as to the effect the parties intended the confirmation slip to have and summary judgment must be denied. We disagree.
Here, the essential terms of the transaction are plainly set forth in the confirmation slip: that plaintiff had sold lira to defendant, the amount of the lira it sold, the exchange rate, the amount of dollars to be paid by defendant for the lira, and the maturity date of the transaction. The signature of plaintiff’s agent who signed and returned the confirmation slip five days later on March 18, 1985 signifies plaintiff’s acceptance of these terms. Nothing in the confirmation slip suggests that it was to be a memorandum of some preliminary or tentative understanding with respect to these terms. On the contrary, it is difficult to imagine words which could more clearly demonstrate the final expression of the parties’ agreement than "we have bought from you itl 537,750,000” and "we have sold to you usd 250,000.00”.
The confirmation is not of some bargain to be made in the future but expresses the parties’ meeting of the minds as to a completed bargain’s essential terms — a sale of 537,750,000 lira at a rate of 2,151 for $250,000 — made in a telephone conversation on March 13, 1985. The only evidence plaintiff has tendered does no more than contradict the stated terms of the confirmation slip — the very evidence which UCC 2-202 precludes. It does not address the critical question of whether the terms in the confirmation slip were intended to represent the parties’ final agreement on those matters. We conclude that where, as here, the form and content of the confirmation slip suggest nothing other than that it was intended to be the final expression of the parties’ agreement as to the terms set forth and where there is no evidence indicating that this was not so, UCC 2-202 bars parol evidence of contradictory terms (see, Battista v Radesi, 112 AD2d 42 [sales invoice containing the names and addresses of the parties, the payment terms, the price, and a description of the merchandise constituted the final expression of the parties’ intent where the record contained no evidence to indicate otherwise]; accord, Bender & Co. v Jaiswal, 93 AD2d 969).
We reject plaintiff’s contentions that UCC 2-202 requires that there be some express indication in the writing itself or some other evidence that the parties intended it to be the final *523 expression of their agreement. A holding that the writing must include express language that it represents the parties’ final expression would introduce a technical, formal requirement not contemplated by the Code and one that would frustrate the Code’s purpose of facilitating sales transactions by easing the process of contract formation (see, 1 White & Summers, Uniform Commercial Code § 1-2, at 27 [Practitioner’s-3d ed 1988]). To require that the record include specific extraneous evidence that the writing constitutes the parties’ final agreement as to its stated terms would in many instances impose a virtually insurmountable obstacle for parties seeking to invoke UCC 2-202, particularly in cases involving large commercial banks and other financial institutions which typically close hundreds of transactions over the telephone during a business day. As a practical matter, a confirmation slip or similar writing is usually the only reliable evidence of such transactions, given the unlikely prospect that one who makes scores of similar deals each day will remember the details of any one particular agreement. Indeed, this case is illustrative inasmuch as neither of the participants had a specific recollection of the March 13, 1985 telephone conversation. As the dissent below aptly noted, a holding that plaintiff’s proffered evidence is sufficient to thwart the application of UCC 2-202 would create a particularly troublesome precedent for commercial practice in currency futures transactions by providing a convenient "hedge” for one party or the other against currency fluctuations (160 AD2d 520, 523). In sum, there is no triable issue of fact warranting denial of summary judgment to defendant (see, Rotuba Extruders v Ceppos, 46 NY2d 223, 231).
Ill
Plaintiff also argues that UCC 2-202 does not bar the parol evidence submitted in opposition to defendant’s motion because it is offered to show that there was never a contract between the parties. This argument is unavailing. Plaintiff does not dispute that it entered into a foreign currency transaction with defendant; its only contention is that the transaction called for it to purchase and not sell lira. Hence, the parol evidence is being used to contradict a term of the contract, not to show that there was no contract, and UCC 2-202 applies.
The order of the Appellate Division should be reversed, with *524 costs, defendant’s motion to dismiss the complaint and for summary judgment on its counterclaim should be granted, and the certified question answered in the negative.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titione and Bellacosa concur.
Order reversed, etc.

. The Appellate Division has certified the following question pursuant to CPLR 5602 (b) (1): "Was the order of the Supreme Court, as affirmed by this Court, properly made?”

. Plaintiff makes no claim that evidence of a course of dealing should be admissible to explain or supplement the confirmation slip under UCC 2-202 (a) or that evidence of consistent additional terms is admissible under UCC 2-202 (b).