**B.N.E. SWEDBANK, S.A. (formerly Banque Nordeurope S.A.), Plaintiff,**

v.

**Pravin BANKER, Huguette Banker (also known as Huguette Pestel, H. Pestel, and Huguette Gilberge Banker), Pravin Banker Associates, Ltd., Prabank Capital Limited and Global Financial Group, Ltd., Defendants.**

**No. 89 Civ. 7322 (RWS).**

United States District Court,
S.D. New York.

July 10, 1992.

**1292**

## MEMORANDUM OPINION

SWEET, District Judge.

The Plaintiff has moved in limine for an order excluding certain evidence at trial. For the reasons set forth below, the motion is granted in part and denied in part.

The primary focus of Plaintiff's motion is the Defendants' proposed parole evidence concerning the transactions at issue and the prior course of dealings between the parties. Plaintiff contends that most, if not all, of this evidence should be barred by the statute of frauds, relying heavily on *Intershoe, Inc. v. Bankers Trust Co.*, 77 N.Y.2d 517, 569 N.Y.S.2d 333, 571 N.E.2d 641 (1991).

*Intershoe* involved a foreign currency exchange similar to the transactions at issue here. The parties there entered into an agreement over the telephone. One party then sent a confirming telex to the other, which was signed and returned by the other party's treasurer. Under these circumstances, the New York Court of Appeals held that

> where, as here, the form and content of the confirmation slip suggest nothing other than that it was intended to be the final expression of the parties' agree-

ment as to the terms set forth and where there is no evidence indicating that this was not so, UCC 2–202 bars parol evidence of contradictory terms.

569 N.Y.S.2d at 336, 571 N.E.2d at 644.

*Intershoe* may be distinguished in a significant sense. There, both parties confirmed the transaction on a single document. Here, however, there is a confirmation telex offered by one party which may be contradicted by subsequent telexes.[1] Moreover, one of the confirmation slips at issue suggests that further documentation would be necessary before the transaction could be fully consummated. Whether the telexes at issue were intended by the parties as a final expression of their agreement is therefore unclear. The Plaintiff's motion to exclude evidence it contends violates the parole evidence rule is denied.

For similar reasons, the Plaintiff's motion to bar evidence of the course of dealings between the parties is denied, including the registered lender and agency objections. *See* N.Y. U.C.C. Law §§ 2–202(a), 2–208.

The Plaintiff also seeks to exclude evidence of an alleged "blacklist" of banks. However, at oral argument, Plaintiff consented to the admission of the telex with the apparent reference to the blacklist. This evidence is therefore admissible to explain, at a minimum, the contents of this telex. This part of the motion is denied as well.

Finally, the Plaintiff seeks to exclude an article written by one of the Defendants as irrelevant. The Defendants have not objected to this part of Plaintiff's motion; it therefore is granted.

It is so ordered.

---

1. The Plaintiff agreed that the May 12, 1987, telex was admissable during oral argument on this motion.