■ JOSEPH R. SAHID, Appellant, v WILLIAM R. CHAMBERS et al., Respondents. [655 NYS2d 20] —Judgment, Supreme Court, New York County (Leland DeGrasse, J.), entered March 25, 1996, dismissing the complaint, and bringing up for review an order which granted defendants' motions to dismiss the complaint for failure to state a cause. of action, unanimously affirmed, with costs.

Plaintiff does not assert that defendants, his children's treating psychiatrists, committed malpractice or that they physically kept them from him; nor does he. seek to alter the terms of his visitation or of the children's treatment. Rather, he accuses defendants of having conspired with his ex-wife to "brainwash" the children against him so as to deprive him of his right to visitation, which, he claims, resulted in his suffering emotional distress and in defendants' being unjustly enriched at his expense. Despite an effort to frame this accusation in terms of intentional and negligent interference with visitation rights, intentional and negligent infliction of emotional distress, fraud, and unjust enrichment, the pleading alleges nothing more than alienation of affections, which is expressly prohibited by Civil Rights Law § 80-a. We would also note that the negligence-based claims are insufficient, since "[a] physician's duty of care [being] ordinarily one owed to his or her patient" (*Purdy v Public Adm'r of County of Westchester*, 72 NY2d 1, 9), defendants owed plaintiff no duty of care. Concur—Murphy, P. J., Sullivan, Milonas and Tom, JJ.