■ BANQUE INDOSUEZ, Plaintiff, v SOPWITH HOLDINGS CORP. et al., Defendants. SOPWITH HOLDINGS CORP. et al., Respondents, v BANQUE INDOSUEZ et al., Appellants. (And Other Actions.) [660 NYS2d 971] —Order, Supreme Court, New York County (Beatrice Shainswit, J.), entered on or about January 9, 1997, which, insofar as appealed from, denied plaintiff bank's motions for summary judgment dismissing the claims asserted against it by defendant Sopwith entities, unanimously affirmed, with costs.

Banque Indosuez is not entitled to summary judgment dismissing the claims for over $20 million in damages asserted by the Sopwith entities in relation to more than 1,000 foreign currency exchange transactions. The allegations made by the

Sopwith entities, that the bank executed thousands of unauthorized foreign currency trades, failed to report properly, and/or fraudulently reported, account activity, and failed to abide by the contract limitations in executing such trades, particularly with respect to the discretionary account of Optimum Investments, are supported by various reports and testimony from experts, as well as correspondence from bank officials admitting the lack of internal controls or errors. Such evidence raises triable issues of fact, distinguishing this case from *Intershoe, Inc. v Bankers Trust Co.* (77 NY2d 517), and precluding summary judgment on the bank's claim of estoppel and/or ratification of the trades based upon the receipt and retention of thousands of trade confirmations that the bank purportedly issued with respect to all of the trades in dispute (*see, Compania Sud-Americana de Vapores v IBJ Schroder Bank & Trust Co.*, 785 F Supp 411, 432-433). Issues of credibility may not be determined on a motion for summary judgment (*Capelin Assocs. v Globe Mfg. Corp.*, 34 NY2d 338, 341). Concur—Sullivan, J. P., Rosenberger, Wallach and Tom, JJ.