■ RAJ JEWELERS, Appellant, v DIALUCK CORPORATION et al., Respondents. [752 NYS2d 40] —Judgment, Supreme Court, New York County (Ira Gammerman, J.), entered February 14, 2002, after a nonjury trial, which dismissed the complaint and ordered plaintiff Raj Jewelers to pay disbursements in the amount of $1,025 to defendants Dialuck Corporation and Antrix Diamond Export, Ltd., unanimously reversed, on the law, without costs, judgment directed in favor of plaintiff and against defendants, and the parties directed to proceed to inquest.

Between October 1997 and July 2000, plaintiff Raj Jewelers of Bombay, India, sold diamonds to defendants Dialuck Corporation and Antrix Diamond Export, Ltd., both New York corporations. The transactions are documented by five invoices. It is conceded that the first two invoices represent diamonds purchased by defendants, received by them and fully paid by them. The remaining three invoices have not been paid and are the subject of this dispute.

The principal of defendant corporations is identified in their brief as Anjay Ghandhi. Prior to making the three purchases in dispute, defendants entered into agreements with nonparty Nidhi Diamond Exports Private Limited, also of Bombay, India, the director and shareholder of which is Prakesh Mehta, the brother-in-law of Mr. Ghandhi. The agreements both provide that the respective defendant will purchase goods from a supplier specified by Nidhi for its account to a customer specified

by Nidhi, that Nidhi guarantees payment for the goods and that "the obligation of Nidhi is that of principal obligor jointly and severally along with [*sic*] the obligation of the Customer."

Based upon these agreements, defendants assert that they are not obligated to pay the three disputed invoices because they made these purchases as agents for their disclosed principal, Nidhi. After a nonjury trial, Supreme Court concluded, based upon its "evaluation of the credibility of the witnesses," that these shipments were made under an arrangement that permitted plaintiff Raj Jewelers to obtain an "income tax exemption for a sale that was really made from one Indian company to another Indian company" that otherwise would have been subject to taxation. Supreme Court also noted that this arrangement permitted Nidhi to avoid disclosing the identity and location of its customers to its supplier, plaintiff Raj Jewelers.

As this Court stated in *Claridge Gardens v Menotti* (160 AD2d 544, 544-545), "On a bench trial, the decision of the fact-finding court should not be disturbed upon appeal unless it is obvious that the court's conclusions could not be reached under any fair interpretation of the evidence, especially when the findings of fact rest in large measure on considerations relating to the credibility of witnesses." In this case, the court's conclusions are contrary to the documentary evidence (*see Abrahami v UPC Constr. Co.*, 224 AD2d 231, 233) and cannot be sustained without improper resort to parol evidence.

It is uncontroverted that defendants purchased the first two shipments of diamonds and paid the subject invoices. Nidhi then entered into agency agreements with defendants Dialuck and Antrix dated March 1, 1999 and June 1, 2000, respectively. The first two disputed shipments (March 18, 2000 and May 2, 2000) were sent to Dialuck; the third shipment (July 26, 2000) was sent to Antrix. Thus, as between Nidhi and defendants, all three disputed shipments are governed by the agency agreements. However, there is nothing in the record to demonstrate that the existence of these agreements was made known to plaintiff at any time before it made the three disputed shipments. The record does contain contemporaneous letters from Nidhi directing that one shipment be forwarded to a client identified as N.V. Impex and another to a client named Kush Impex. However, the record also contains a similar letter directing that a prior, undisputed shipment (October 12, 1999), not governed by any agency agreement, should be forwarded to a third client.

More significant is correspondence of October 26, 2000 from

Dialuck to plaintiff concerning the disputed shipments it received. Each of the two letters states, "With ref to the above payment, it has been delayed due to overall slow collections. We will try to remit it AROUND 31st December 2000." These letters, which expressly acknowledge Dialuck's debt to plaintiff, are not contradicted by any other document of record and were followed, in December 2000, by letters from plaintiff to both defendants requesting payment of the sums represented by the three unpaid invoices. There is no subsequent documentation to suggest that either defendant disputed its obligation to make the requested payments (*see Shea & Gould v Burr*, 194 AD2d 369, 371 [account stated arises from failure to object to bill for period of five months]).

The only indication that plaintiff Raj Jewelers consented to treat defendants as agents for Nidhi comes from the testimony given by the principals of the two defendant corporations. This testimony is inconsistent with the terms of the contract made out from the invoices, the acknowledgment of the debt by defendant Dialuck and the subsequent demands for payment by plaintiff (*see Sunkyong Am. v Beta Sound of Music Corp.*, 199 AD2d 100, 101 [invoices constitute final written expression of sales agreement]). These documents collectively establish "[t]erms with respect to which the confirmatory memoranda of the parties agree * * * [which] may not be contradicted by evidence of any prior agreement or of a contemporaneous oral agreement but may be explained or supplemented" (UCC 2-202; *see Crabtree v Elizabeth Arden Sales Corp.*, 305 NY 48, 54-55; *see also Nolfi Masonry Corp. v Lasker-Goldman Corp.*, 160 AD2d 186, 187). The testimony portraying defendants in the capacity of agents rather than principals is fundamental to the relationship of the parties and does not come within the scope of the exceptions for either explanation or supplementation permitted pursuant to the parol evidence rule (UCC 2-202) and, thus, was improperly credited by the court. Finally, that Rajendra Baid, a principal of plaintiff, discussed repayment from Prakesh Mehta, the director and shareholder of Nidhi, a few months before trial is immaterial to Mr. Baid's understanding of the parties' relationship at the time of the transactions at issue. Concur—Mazzarelli, J.P., Rosenberger, Rubin and Gonzalez, JJ.