OPINION OF THE COURT
Memorandum.
Order reversed without costs and plaintiffs motion for summary judgment on its first cause of action as against defendant Glatt Gourmet Cuisine, Inc. and dismissing defendants’ counterclaim, and for severance of plaintiffs remaining causes of action granted.
Plaintiff, a wholesale purveyor of fish, brought this action to recover for unpaid deliveries of fish that occurred in July and August 2006. Separate causes of action were alleged against three different defendants for breach of contract, on an account stated and for fraud. Defendants denied the allegations of the complaint, and asserted affirmative defenses and a counterclaim seeking return of payment of an alleged $20,000 overcharge from March 2004.
Plaintiff moved for summary judgment on its cause of action for breach of contract as against defendant Glatt Gourmet Cuisine, Inc. and dismissing defendants’ counterclaim, and for severance of its remaining causes of action. In support of the motion, plaintiff stated that it was the parties’ custom for Glatt to order fish, and for plaintiff to deliver the fish requested by Glatt together with invoices for the fish, which invoices defendants or their employees would sign or initial. Plaintiff submitted copies of the unpaid invoices that showed the dates of the deliveries in issue, the names and addresses of the buyer and the seller, the payment terms, the prices for the various categories of fish delivered, a description of the fish delivered, the amount of fish delivered, and the total price of each delivery. Each of the disputed invoices bore a signature or initial scrawled somewhere on its face, although only one invoice bore a signature or initial in the portion of the invoice marked, “Received in Good Condition.” In support of its contention that *20 the form of the disputed invoices and the signatures on them were consistent as to the custom and usage of the parties, plaintiff also submitted copies of prior paid invoices, as well as a copy of plaintiffs “running account” showing that Glatt had paid those prior invoices.
In opposition to plaintiffs motion, defendant Aba Ibragimov, the president of Glatt, alleged that he had “immediately objected” to portions of the disputed invoices, in some instances on the basis that the price charged for particular varieties of fish was excessive, and in others on the basis that the fish was below the grade Glatt had ordered. However, no specifics were offered as to the dates the objections were made, to whom they were communicated, or the method used for communicating the objections.
An invoice between merchants containing the names and addresses of the buyer and seller, the date, the payment terms, the price of the goods, a description of the goods, the amount of the goods and the total price of the sale constitutes a writing in confirmation of a contract for the sale of goods satisfying the statute of frauds, provided that no written notice of objection is given as to the contents of the invoice within 10 days of receipt (see UCC 2-201 [1], [2]; B & R Textile Corp. v Domino Textiles, 11 AD2d 539 [1980]). Glatt did not deny receipt of the fish or the invoices, or allege having made a written objection thereto; nor was there any claim that payment had been made. By establishing that the parties had a contract and that Glatt owed money on the contract, plaintiff made out a prima facie case on its cause of action for breach of contract as against Glatt. It was therefore incumbent upon Glatt to proffer admissible evidence sufficient to raise a triable issue of fact (Zuckerman v City of New York, 49 NY2d 557 [1980]; Freedman v Chemical Constr. Corp., 43 NY2d 260 [1977]).
Inasmuch as the invoices were fully integrated documents that set forth all the essential terms of the parties’ agreements regarding the sale of fish, Glatt’s claim, that prior to the invoicing lower prices were agreed upon, is barred under the parol evidence rule, as codified in section 2-202 of the Uniform Commercial Code (Sunkyong Am. v Beta Sound of Music Corp., 199 AD2d 100, 101 [1993]; see also Intershoe, Inc. v Bankers Trust Co., 77 NY2d 517, 522 [1991]; Raj Jewelers v Dialuck Corp., 300 AD2d 124 [2002]).
Although a buyer who has accepted defective goods and given notification may recover damages for any nonconformity of ten *21 der (UCC 2-714 [1]), this remedy is only available where the buyer notifies the seller of its breach within a reasonable time after it discovers or should have discovered the nonconformity of the goods.
Where, as here, a plaintiff seller has made out a prima facie case for breach of contract, a buyer who, having accepted nonconforming goods, is seeking damages and/or a setoff based on the delivery of defective merchandise (see UCC 2-714) has an obligation to come forward with some specific evidence to meet the seller’s motion for summary judgment (Grimm Bldg. Material Co. v Freeman Excavating, 194 AD2d 857 [1993]). Glatt, a commercial buyer, failed to meet its burden of offering specific evidence to raise a triable issue of fact either as to plaintiff’s alleged breach of the contracts for sale of fish, or as to whether Glatt notified plaintiff within a reasonable time of such breaches. Consequently, the Civil Court erred in concluding that plaintiff was not entitled to summary judgment on its cause of action against Glatt for breach of contract.
With respect to the branch of plaintiffs motion seeking summary judgment dismissing the counterclaim for damages for overcharges, since defendants alleged acceptance of defective fish in 2004, it was incumbent on defendants to come forward with some specific evidence showing that they notified plaintiff of the defects in the fish within a reasonable time after discovery of the defects (UCC 2-607 [3]; 2-714). As defendants failed to do so, Civil Court should have granted the branch of plaintiffs motion for summary judgment seeking dismissal of the counterclaim as well.
Accordingly, the order is reversed and plaintiffs motion for summary judgment on its first cause of action as against defendant Glatt Gourmet Cuisine, Inc. and dismissing defendants’ counterclaim, and for severance of plaintiffs remaining causes of action is granted.
Weston Patterson, J.P, Rios and Steinhardt, JJ., concur.