■ BORIS KOMAROV et al., Respondents, v L&L INTERNATIONAL IMPORT/EXPORT, INC., et al., Defendants, and RUSSIAN BLACK PEARL, INC., et al., Appellants. [899 NYS2d 12]—

Judgment, Supreme Court, New York County (Eileen Bransten, J.), entered September 15, 2009, awarding plaintiffs damages in the principal amount of $607,000, plus interest, costs and disbursements, and bringing up for review an order, same court and Justice, entered September 15, 2009, which, insofar as challenged, denied defendants-appellants' motion for summary judgment dismissing the complaint and granted plaintiffs' cross motion for summary judgment against appellants, unanimously affirmed, with costs. Appeal from the above order unanimously dismissed, without costs, as subsumed in the appeal from the above judgment.

Plaintiffs demonstrated prima facie entitlement to summary judgment by submitting documents showing that appellants had at various times acknowledged an existing debt to plaintiff and containing nothing inconsistent with an intention to pay it (*see Banco do Brasil v State of Antigua & Barbuda*, 268 AD2d 75, 77 [2000]). In addition to acknowledging that money had been lent, these documents variously purport to update running

balances as partial payments were made and to provide new consideration to defendants by reducing the interest rate or delaying interest payments. Some of the documents were signed by appellant Leybson alone; others are on the letterhead of her company and coappellant, defendant Russian Black Pearl, Inc.; others, including one on the letterhead of Russian Black Pearl, were signed by her since-deceased husband alone, who was the principal of defendant L&L International Import/Export, Inc., a company that was in the same caviar and fish import business as appellants; and others were signed by both Leybson and her husband. Beyond the signatures at the bottom and titles at the top (e.g., "Payment Reconciliation Statement On the debt obligations of Lia and Leo Leybzon to Boris Komarov"), the tenor of these documents, especially their use of the pronoun "we," is, at the least, consistent with plaintiffs' claim that the parties intended the debt to be a joint obligation of Leybson, her husband, and their respective companies.

In opposition, appellants submitted no documents tending to show that they did not acknowledge the debt. Instead, Leybson asserted that she acted only as a scrivener for her husband and signed the documents at his behest even though she was unaware of and never asked him about their meaning, and that she and her company had no involvement with the alleged debt. The motion court correctly found these assertions to be insufficient to raise an issue of fact in the face of plaintiffs' documentary evidence (*see Raj Jewelers v Dialuck Corp.*, 300 AD2d 124, 126 [2002]).

The amount owing was properly determined on the basis of documentary evidence showing that the balance had been reduced to $607,000 and an adverse inference that no subsequent payments were made, based on appellants' failure to produce documents as ordered by the court and Leybson's admission that she had destroyed L&L's records after commencement of the action (*see id.*; *Gryphon Dom. VI, LLC v APP Intl. Fin. Co., B.V.*, 18 AD3d 286, 287 [2005]; *Denoyelles v Gallagher*, 40 AD3d 1027 [2007]).

We have considered appellants' other contentions and find them unavailing. Concur—Gonzalez, P.J., Moskowitz, Freedman, Richter and Román, JJ.

Motion to vacate stay denied as academic. **[Prior Case History: 2009 NY Slip Op 31624(U).]**