■ AMY KANTOR, Appellant, v 75 WORTH STREET, LLC, et al., Respondents. [945 NYS2d 245]—

Order, Supreme Court, New York County (Bernard J. Fried, J.), entered October 28, 2010, which, to the extent appealed from, granted defendants' motion pursuant to CPLR 3211 to dismiss the claims for lost profits, unanimously affirmed, without costs.

The allegations in the complaint and the supporting materials do not establish that plaintiff's lost profits "were within the contemplation of the parties at the time the contract was entered into and are capable of measurement with reasonable certainty" (*Ashland Mgt. v Janien*, 82 NY2d 395, 403 [1993]). Unlike the contract in *Ashland*, nothing in the record indicates that the parties' agreement contemplated, in the event of defendants' breach, that defendants would be liable for plaintiff's failure to realize profits from her new veterinary practice. Moreover, plaintiff's claim for lost profits is too speculative to sustain

a cause of action (*id.*). Plaintiff argues that a similarly-situated veterinary business quantifies her lost profits with reasonable certainty. However, aside from the other veterinary business occupying the same space that plaintiff intended to occupy, the record demonstrates no other similarities between the existing business and plaintiff's intended practice. Concur—Mazzarelli, J.P., Saxe, Moskowitz, Renwick and Freedman, JJ.