OPINION OF THE COURT
Memorandum.
Ordered that the order is reversed, without costs, plaintiffs motion for summary judgment on the complaint and to dismiss the counterclaim is granted, and the matter is remitted to the Civil Court for a determination of the appropriate amount of attorneys fees to be awarded plaintiff.
On August 13, 2010, defendant, on its own order form, placed a written order with plaintiff for 38,640 T-shirts, which form indicated, at its top, that they were to be delivered “ASAP” (as soon as possible) to a third party for printing. Defendant’s order form further provided, towards its bottom, that, of the 38,640 T-shirts ordered, “I need: 5600 small 5600 medium 5600 large [or a total of 16,800 T-shirts] ASAP send what you have.” By September 8, 2010, the 16,800 T-shirts had been shipped. Based upon emails, copies of which were annexed to plaintiff’s motion papers, plaintiff informed defendant that a fourth shipment of 21,840 T-shirts, which would complete the entire order *96 of 38,640 T-shirts, would be ready to be delivered on September 20, 2010, provided that payment was received prior thereto. Because defendant was unable to send payment to plaintiff prior to September 20, 2010, the remaining merchandise was not delivered until November 18, 2010, the day after defendant had paid plaintiff the balance due for that shipment, less $10,000.
As plaintiff was unsuccessful in securing payment of the unpaid $10,000, plaintiff commenced this action, in July 2013, to recover that sum based on, among other things, breach of contract, as well as attorney’s fees. Defendant interposed a counterclaim, in effect, for breach of contract, seeking consequential damages, alleging that, as a result of plaintiff’s delay in shipping and delivering the T-shirts to the third-party printer, delivery of the printed T-shirts to defendant’s customer had been untimely, resulting in the termination of the customer’s existing commercial relationship with defendant. Defendant alleged that such termination had resulted in defendant’s loss of future business opportunities and profits with that customer, in the sum of $750,000.
Thereafter, plaintiff moved for summary judgment on the complaint and to dismiss the counterclaim. In opposition to the motion, defendant contended that plaintiff had entered into the purchase agreement in August 2010 with full knowledge that time was of the essence with respect to the entire order, but did not complete the entire order until November 2010 despite the fact that the order form had indicated that shipment was required “ASAP.” By order entered March 14, 2014, the Civil Court denied plaintiff’s motion, finding that there were triable issues of fact, particularly as to whether the T-shirts had been timely delivered by plaintiff.
We begin our analysis by noting that the legend “ASAP” appears twice on defendant’s order form. With respect to the 16,800 T-shirts, the “ASAP” was followed by the words “send what you have.” In any event, the 16,800 T-shirts were shipped to defendant’s printer by September 8, 2010, 26 days after the order had been placed. By email dated September 15, 2010, defendant was advised that the remainder of the order, i.e., 21,840 T-shirts, would be available for shipment on September 20, 2010, or 38 days after the order had been placed, provided that full payment therefor was received by that date. In fact, upon plaintiff’s receipt, on November 17, 2010, of $69,274, which was $10,000 less than the full balance due for that ship *97 ment, plaintiff shipped the remaining 21,840 T-shirts on November 18, 2010. Consequently, plaintiff’s motion papers, in the first instance, established, as a matter of law, plaintiff’s entitlement to judgment in the principal sum of $10,000.
If defendant believed that the alleged late delivery of any of the shipments of the T-shirts “fail[ed] ... to conform to the contract” (UCC 2-601), defendant could have rejected the T-shirts, “within a reasonable time after their delivery or tender” (UCC 2-602 [1]) due to the alleged untimeliness of the shipments. The course of performance of the parties (see UCC 2-208 [1]), as indicated by the emails and affidavits offered by plaintiff in support of its motion, establishes that defendant did not reject any of the T-shirts but, in fact, accepted all of them (see UCC 2-606 [1]) without objection. Indeed, not only is the record devoid of a showing of any objection by defendant at the time of the transaction as to the lateness of plaintiff’s tender, the record indicates that it was not until 2013 that defendant, through its counsel, first raised the timeliness issue in response to a letter from plaintiff’s counsel regarding the $10,000 balance due. We note that, even were we to find that the final delivery on November 18, 2010 exceeded the “ASAP” provision, it was defendant’s own conduct, i.e., its delay in payment, which ultimately caused the delay of the final shipment from September 20, 2010 until November 18, 2010.
In any event, assuming, as defendant claims, that any or all of the shipments failed to conform to the order’s “ASAP” requirement, plaintiff did thereby breach the contract. The Uniform Commercial Code provides that “acceptance does not of itself impair any other remedy provided by this Article for non-conformity” (UCC 2-607 [2]). Thus, having accepted the T-shirts, defendant was still entitled to seek damages, including incidental and consequential damages (see UCC 2-714 [3]), for plaintiff’s failure to perform according to its obligations under the contract (see UCC 2-714 [1]). However, a buyer’s right to recover damages is preserved so long as “within a reasonable time after he discovers or should have discovered any breach [the buyer notifies] the seller of [the] breach” (UCC 2-607 [3] [a]). If the buyer fails to so notify the seller, the buyer will “be barred from any remedy” (id.). As noted above, it was not until 2013, which was several years after the transaction, that plaintiff was first informed that the transaction involved a breach of contract with respect to the alleged untimeliness of its delivery. Consequently, in this commercial transaction, de *98 fendant failed to notify plaintiff of the alleged breach within a reasonable time, and thus was “barred from any remedy” (UCC 2-607 [3] [a]; see also M. Slavin & Sons Ltd. v Glatt Gourmet Cuisine, Inc., 23 Misc 3d 18 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2009]).
In view of the foregoing, plaintiff is entitled to the dismissal of the counterclaim, in effect, for breach of contract, seeking consequential damages. We note that even if defendant had demonstrated that it had given plaintiff notification of the alleged breach within a reasonable time, defendant’s assertion that its customer discontinued business with defendant because of the delay in delivery, resulting in lost profits, is purely speculative. Moreover, defendant’s “assessment” of the amount of its alleged lost profits lacks any basis. Thus, the dismissal of the counterclaim is clearly warranted (see Kantor v 75 Worth St., LLC, 95 AD3d 718 [2012]).
In light of plaintiff’s recovery of the balance due, summary judgment is also granted with respect to plaintiff’s claim for attorney’s fees, and the matter is remitted to the Civil Court for a determination of the appropriate amount of attorney’s fees to be awarded plaintiff.
Pesce, P.J., Weston and Elliot, JJ., concur.