■ Alice Tighe, Respondent, v North Shore Animal League America, Appellant. [36 NYS3d 500]—

In an action to recover damages for personal injuries, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Feinman, J.), entered October 10, 2014, as denied those branches of its motion which were for summary judgment dismissing the causes of action alleging negligence and breach of the implied warranty of merchantability, and the plaintiff's demand for punitive damages.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the defendant's motion which were for summary judgment dismissing the causes of action alleging negligence and breach of the implied warranty of merchantability, and the plaintiff's demand for punitive damages, are granted.

On May 19, 2012, the plaintiff adopted a dog from an animal shelter, the defendant North Shore Animal League America. At the time of adoption, the defendant's associate warned the plaintiff that the dog was possessive regarding food. After she brought the dog home, the plaintiff noticed that the dog exhibited aggressive behavior, such as jumping at the backyard fence at passers-by, and growling at her when she attempted to feed it. On July 13, 2012, the dog bit the plaintiff's hand when she tried to pick up a cookie from the floor. As a result of that bite, which the plaintiff attributed to the dog's possessiveness regarding food, the plaintiff was hospitalized for three or four days because of blood loss and swelling in her hand. On September 3, 2012, the plaintiff allegedly sustained severe personal injuries when the dog bit her in the face.

Thereafter, the plaintiff commenced this action against the defendant to recover damages only for the injuries caused by the bite on September 3, 2012. She alleged causes of action to recover damages for negligence, breach of the implied warranty of merchantability, and intentional infliction of emotional distress, and interposed a claim for punitive damages. After disclosure, the defendant moved for summary judgment dismissing the complaint. The plaintiff opposed the motion, and submitted evidence that, inter alia, the dog had previously been returned to the defendant after having bitten another person in the face. The Supreme Court granted that branch of the defendant's motion which was for summary judgment dismissing the cause of action alleging intentional infliction of emotional distress, but denied the branches of the motion which were for summary judgment dismissing the causes of action alleging negligence and breach of the implied warranty of merchantability, and the claim for punitive damages. The defendant appeals.

"For [two hundred] years (see e.g. *Vrooman v Lawyer*, 13 Johns 339 [1816]), the law of this state has been that the owner of a domestic animal who either knows or should have known of that animal's vicious propensities will be held liable for the harm the animal causes as a result of those propensities" (*Collier v Zambito*, 1 NY3d 444, 446 [2004]; see *Hosmer v Carney*, 228 NY 73, 75 [1920]). "If such animal be delivered [by the owner] to another, he [or she] must inform such person of the animal's vicious characteristics, so far as known, or ascertainable by the exercise of reasonable care. If such information be given, or the person to whom the animal is delivered knows, or before injury ascertains, the vicious character of the animal, the owner is not liable" (*Hosmer v Carney*, 228 NY at 75 [cita-

tion omitted]). The rationale for such rule is self-evident—informing a person who takes possession of an animal about the animal's vicious propensities allows that person to take precautionary measures to protect himself or herself and others from harm caused by that animal's vicious propensities.

Here, even if the defendant breached its duty to disclose the dog's vicious propensities known to it, or "ascertainable by the exercise of reasonable care" at the time of the plaintiff's adoption (*id.*; *see Browne v Town of Hempstead*, 110 AD2d 102, 108 [1985]), by failing to inform the plaintiff that the dog had previously bitten someone in the face, any such breach was not a proximate cause of the plaintiff's injuries. The dog's displays of aggressive behavior during the three and a half months the plaintiff owned it, and the fact that it first bit the plaintiff on July 13, 2012, gave the plaintiff sufficient knowledge of the dog's vicious propensities before she was bitten again on September 3, 2012 (*see Hosmer v Carney*, 228 NY 73 [1920]).

In opposition, the plaintiff failed to raise a triable issue of fact. We reject the plaintiff's contention that her knowledge of the dog's vicious propensities was limited only to situations triggered by the dog's possessiveness regarding food. Rather, her knowledge of the dog's vicious propensities, regardless of the dog's motivation for exhibiting them, would have exposed her to strict liability to third-parties for any harm caused as a result of those propensities (*see Collier v Zambito*, 1 NY3d at 448; *see also Petrone v Fernandez*, 12 NY3d 546, 550 [2009]; *Bard v Jahnke*, 6 NY3d 592, 596-597 [2006]). Similarly, once she knew of the dog's vicious propensities, the plaintiff was in the best position to take precautionary measures to prevent harm to herself and others. Since the plaintiff became independently aware of the dog's vicious propensities, the defendant's alleged failure to apprise her of those vicious propensities was not a proximate cause of her injuries (*cf. Hosmer v Carney*, 228 NY 73 [1920]).

Accordingly, the Supreme Court should have granted that branch of the defendant's motion which was for summary judgment dismissing the cause of action alleging negligence.

The Supreme Court also should have granted that branch of the defendant's motion which was for summary judgment dismissing the remaining cause of action, alleging breach of the implied warranty of merchantability. Even assuming that the adoption of an animal from a shelter is a transaction which can support such a cause of action, the defendant established, prima facie, that the plaintiff failed to notify it of the alleged nonconformity of the goods within a reasonable time after she

discovered or should have discovered that nonconformity (*see* UCC 2-714 [1]; 2-607 [3] [a]; *Suraleb, Inc. v International Trade Club, Inc.*, 13 AD3d 612, 613 [2004]; *Cafaro v Emergency Servs. Holding, Inc.*, 11 AD3d 496, 499 [2004]; *M. Slavin & Sons Ltd. v Glatt Gourmet Cuisine, Inc.*, 23 Misc 3d 18, 21 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2009]). In opposition, the plaintiff failed to raise a triable issue of fact.

Since " '[a] demand or request for punitive damages is parasitic and possesses no viability absent its attachment to a substantive cause of action,' " the summary dismissal of the plaintiff's substantive causes of action mandates the summary dismissal of the request for punitive damages that was based thereon (*see McMorrow v Angelopoulos*, 113 AD3d 736, 740 [2014], quoting *Rocanova v Equitable Life Assur. Socy. of U.S.*, 83 NY2d 603, 616-617 [1994]).

In light of our determination, we need not reach the parties' remaining contentions. Mastro, J.P., Dillon, Miller and Barros, JJ., concur.