Ajie Chen v Deliso (2019 NY Slip Op 01054)





Ajie Chen v Deliso


2019 NY Slip Op 01054


Decided on February 13, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 13, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SHERI S. ROMAN
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX, JJ.


2017-09964
 (Index No. 510785/17)

[*1]Ajie Chen, et al., respondents, 
v
Paul J. Deliso, appellant.


Berke & Berke, New York, NY (Jason Berke of counsel), for appellant.
Peter L. Quan, PLLC, Flushing, NY (Haizhan Zheng of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for intentional and negligent infliction of emotional distress, the defendant appeals from an order of the Supreme Court, Kings County (Edgar G. Walker, J.), dated July 28, 2017. The order, insofar as appealed from, denied the defendant's motion pursuant to CPLR 3211(a)(7) to dismiss the complaint.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and the defendant's motion pursuant to CPLR 3211(a)(7) to dismiss the complaint is granted.
The plaintiffs are the defendant's neighbors. The plaintiffs commenced this action against the defendant to recover damages for intentional and negligent infliction of emotional distress based on allegations that the defendant yelled obscenities and racial slurs at them. The plaintiffs also sought future medical expenses, punitive damages, and a permanent injunction. The defendant moved pursuant to CPLR 3211(a)(7) to dismiss the complaint. The court denied this motion, and the defendant appeals.
Accepting the plaintiffs' factual allegations as true, the plaintiffs failed to state a cause of action alleging either intentional or negligent infliction of emotional distress (see Sokol v Leader, 74 AD3d 1180, 1180-1181). As to intentional infliction of emotional distress, although the defendant's alleged conduct was "deplorable and reprehensible," the alleged conduct did not, as a matter of law, arise to such an extreme or outrageous level as to meet the threshold requirements for intentional infliction of emotional distress (see Leibowitz v Bank Leumi Trust Co. of N.Y., 152 AD2d 169, 182). As to negligent infliction of emotional distress, the plaintiffs failed to plead facts that demonstrated "some guarantee of genuineness," an element of a cause of action alleging negligent infliction of emotional distress (Ornstein v New York City Health & Hosps. Corp., 10 NY3d 1, 6 [internal quotation marks omitted]; see Taggart v Costabile, 131 AD3d 243, 253). Accordingly, the Supreme Court should have granted those branches of the defendant's motion pursuant to CPLR 3211(a)(7) which were to dismiss the causes of action alleging intentional and negligent infliction of emotional distress.
As all of the substantive causes of action in the complaint were subject to dismissal, the separately pleaded causes of action seeking future medical expenses, punitive damages, and a permanent injunction were also subject to dismissal (see Lee Dodge, Inc. v Sovereign Bank, N.A., [*2]148 AD3d 1007, 1009; Tighe v North Shore Animal League Am., 142 AD3d 607, 610; Corsello v Verizon N.Y., Inc., 77 AD3d 344, 368, mod on other grounds 18 NY3d 777; Randi A.J. v Long Is. Surgi-Center, 46 AD3d 74, 80).
In light of the foregoing, we need not reach the defendant's remaining contentions.
RIVERA, J.P., ROMAN, COHEN and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court