Bourianov v Lovell (2021 NY Slip Op 01959)





Bourianov v Lovell


2021 NY Slip Op 01959


Decided on March 31, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 31, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
COLLEEN D. DUFFY
ANGELA G. IANNACCI
PAUL WOOTEN, JJ.


2019-08926
 (Index No. 703513/19)

[*1]Dmitri Bourianov, appellant, 
v
Richard H. Lovell, respondent.


Robert W. Hiatt, Staten Island, NY, for appellant.



DECISION & ORDER
In an action, inter alia, to recover damages for intentional infliction of emotional distress, the plaintiff appeals from an order of the Supreme Court, Queens County (Timothy J. Dufficy, J.), entered June 28, 2019. The order, insofar as appealed from, granted that branch of the defendant's motion which was pursuant to CPLR 3211(a)(7) to dismiss the complaint.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
In February 2019, the plaintiff commenced this action against the defendant, inter alia, to recover damages for intentional infliction of emotional distress alleging that the defendant engaged in a sexual relationship with the plaintiff's wife as well as other activities which caused the plaintiff emotional harm. The defendant moved, among other things, to dismiss the complaint pursuant to CPLR 3211(a)(7) for failure to state a cause of action. In an order entered June 28, 2019, the Supreme Court, inter alia, granted that branch of the motion. The plaintiff appeals.
The Supreme Court properly granted that branch of the defendant's motion which was pursuant to CPLR 3211(a)(7) to dismiss the complaint. Accepting the plaintiff's factual allegations as true, the plaintiff failed to state a cause of action alleging intentional infliction of emotional distress (see Ajie Chen v Deliso, 169 AD3d 761, 762; see e.g. Sahid v Chambers, 237 AD2d 175, 175). As a matter of law, the defendant's alleged conduct did not rise to such an extreme or outrageous level as to meet the threshold requirements for intentional infliction of emotional distress (see Ajie Chen v Deliso, 169 AD3d at 762; Leibowitz v Bank Leumi Trust Co. of N.Y., 152 AD2d 169, 182). Further, as this was the only substantive cause of action asserted, the separately pleaded cause of action seeking punitive damages was also subject to dismissal (see Ajie Chen v Deliso, 169 AD3d at 762; Tighe v North Shore Animal League Am., 142 AD3d 607, 610).
RIVERA, J.P., DUFFY, IANNACCI and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court